UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN C. GREEN, | No. 2:14-CV-2854 TLN AC |
| Plaintiff, | |
| v. | ORDER |
| T. BZOSKIE, M.D. et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's complaint is now before the court.

I. SCREENING STANDARD

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1  Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6  A complaint must contain more than a "formulaic recitation of the elements of a cause of
7  action;" it must contain factual allegations sufficient to "raise a right to relief above the
8  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient
9  for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader
10 might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal
11 Practice and Procedure § 1216, pp. 235–35 (3d ed.2004)). Rather, the complaint "must contain
12 sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
13 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has
14 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
15 reasonable inference that the defendant is liable for the misconduct alleged." Id.

16 In reviewing a complaint under this standard, the court "must accept as true all of the
17 factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing
18 Twombly, 550 U.S. at 555-56), construe those allegations in the light most favorable to the
19 plaintiff, Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th
20 Cir. 2010) (citing Twombly, 550 U.S. 544), cert. denied, 131 S. Ct. 3055 (2011), and resolve all
21 doubts in the plaintiff's favor. Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital
22 Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738 (1976)).

23                                    II.  THE COMPLAINT

24 Plaintiff alleges that he developed a serious medical problem in his scrotum. ECF No. 1
25 at 5. Plaintiff suffered serious pain, and noted that a "bump/lump" had developed there. Id.
26 Plaintiff believes his condition is called "epididymitis." Id., at 7. The CDCR doctor at CHCF –
27 who was not a "scrotum specialist" – misdiagnosed the medical problem, stating that there was no
28 lump. Id., at 5. The doctors at CHCD then allowed plaintiff to suffer with the pain of this

condition for months. Id., at 6. The pain has become chronic. Id.

On October 7, 2014, plaintiff was sent to the hospital, but not allowed to see the urologist. Id., at 7. On October 9, 2014, plaintiff did see a urologist at CHCF, who ordered antibiotics for plaintiff and told him to return in three weeks. Id. (plaintiff comments that this created "more time to suffer").

Plaintiff alleges that his condition constitutes a medical emergency "which may cause tissue death in the scrotum or ED," that he should have been seen right away by a specialist "urologist/surgeon," and that the "lump/bump" should have been removed. Id. Plaintiff ends his factual recitation by stating: "Procrastination, maliciousness in medical treatment." Id.

### III.  ANALYSIS

A. <u>Deliberate Indifferent to Serious Medical Needs</u>

The State has an obligation "to provide medical care for those whom it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 103 (1976). Accordingly, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Id., 429 U.S. 104. Such "deliberate indifference" to a prisoner's serious medical needs "states a cause of action under § 1983." Id., 429 U.S. at 105.

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id., 429 U.S. at 106. To prevail, plaintiff must show both that his medical needs were objectively "serious," Hudson v. McMillian, 503 U.S. 1, 9 (1992), and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991). The requisite state of mind for an Eighth Amendment claim relating to medical treatment is "deliberate indifference." Hudson, 503 U.S. at 5.

A serious medical need exists if failure to treat the injury or condition "could result in further significant injury or cause the unnecessary and wanton infliction of pain." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted). Indications that a plaintiff has a serious medical need include: "[t]he existence of an injury that a reasonable

doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Colwell, 763 F.3d at 1066 (internal quotation marks omitted).

In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very demanding standard for "deliberate indifference." Negligence is insufficient. Farmer, 511 U.S. at 835. Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient to establish an Eighth Amendment violation. Id., at 836-37. It not enough that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842. Rather, deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotation marks omitted) (emphasis added).

A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). Failure to competently treat a serious medical condition, even if some treatment is prescribed, may be evidence that prison officials are deliberately indifferent to inmates' serious medical needs. Id. However, mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.), cert. denied, 519 U.S. 1029 (1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (difference of medical opinion as to treatment of serious medical needs does not amount to deliberate indifference).

To make out a claim for deliberate indifference that turns on a difference of medical opinion, the plaintiff must allege "that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to plaintiff's health." Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (internal quotation marks omitted)[1].

---

[1] Overruled on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc), petition for certiorari filed, 83 U.S.L.W. 3239 (U.S. Sep. 19, 2014) (No. 14-328).

A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1135 (9th Cir. 1997) (en banc). In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." McGuckin, 974 F.2d at 1061.

B. Application to Allegations of this Complaint

Plaintiff sufficiently alleges that he suffers from a serious medical condition. Among other things, he alleges that he was eventually sent to the hospital for the condition, and that he suffers serious, chronic pain from it. However, plaintiff's remaining allegations are that he was "misdiagnosed," that his doctors did not give him the treatment he believes he should have received, and that he was seen, initially, only by a general doctor rather than the specialist plaintiff believes should have been treating him. These allegations do not state an Eighth Amendment claim for deliberate indifference to serious medical needs.

The allegation of a "misdiagnosis" is an allegation solely of medical negligence, and is not cognizable as a § 1983 claim. Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) ("Dr. Schuster's alleged failure was negligent misdiagnosis, or a disagreement with Dr. Rotman. Therefore, the allegations are insufficient to establish deliberate indifference by Dr. Schuster."). Plaintiff's assertions that he should have had the "lump/bump" removed, rather than have it treated with pain medication and antibiotics, and that he should have been seen by a specialist rather than a general doctor, amount to no more a difference of opinion between plaintiff and his treating doctors. Indeed, the medical choices alleged here, like those in Estelle v. Gamble, were "classic example[s]" of matters "for medical judgment." 429 U.S. at 107. The allegation that defendants chose one type of treatment over another, or deployed one type of doctor over another, are not allegations of "cruel and unusual punishment." They are, at most, allegations of medical negligence, not cognizable in a § 1983 claim. Id.

Plaintiff does include in his complaint the following statement: "Procrastination,

maliciousness in medical treatment." ECF No. 1 at 7. The factual allegations of the complaint, however, establish nothing more than negligence on the part of plaintiff's treating and supervising doctors. Adding the word "maliciousness" to the end of the complaint does not change this. If plaintiff wants to allege that the doctors were deliberately indifferent to his serious medical needs, he must allege facts from which this court can reasonably draw that inference. It is not enough to simply state the conclusion – unconnected to any specific factual allegations – that the doctors acted with "maliciousness."

The complaint will be dismissed but plaintiff will be granted leave to amend.

C. Amendment

If plaintiff chooses to amend the complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980), abrogated on other (attorney's fees) grounds, Kay v. Ehrler, 499 U.S. 432 (1991). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) (en banc) ("the general rule is that an amended complaint [supersedes] the original complaint and renders it without legal effect . . ..") Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED with leave to amend; and

2. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: December 19, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE