UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN C. GREEN, | No. 2:14-cv-2854 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| CDCR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner incarcerated at the California Health Care Facility (CHCF). Plaintiff proceeds pro se with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983, and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons that follow, plaintiff's request to proceed in forma pauperis is granted, and his amended complaint is dismissed with leave to file a Second Amended Complaint.

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 2; see also ECF No. 9 at 41. Accordingly, plaintiff's request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Screening of Complaint Pursuant to 28 U.S.C. § 1915A

A. Legal Standards for Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis.

A district court must construe a pro se pleading liberally to determine if it states a potentially cognizable claim. The court must explain to the plaintiff any deficiencies in his complaint and accord plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "While legal conclusions can provide the framework of a complaint, they must

be supported by factual allegations." Id. at 679.  Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (citation and internal quotation and punctuation marks omitted).

### B. Stating a Claim for Deliberate Indifference to Serious Medical Needs

To state a cognizable deliberate indifference claim for unconstitutional medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Plaintiff must allege both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992) (on remand).  Serious medical needs include conditions in which a failure to treat did, or could, result in significant injury to plaintiff.[1]

The requisite state of mind is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 5 (1992).  In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very demanding standard for "deliberate indifference."  Negligence is insufficient.  Id. at 835.  Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient to establish an Eighth Amendment violation.  Id. at 836-37.  It is not enough that a reasonable person would have known of the risk or that a defendant should have known of the risk.  Id. at 842.

> In the Ninth Circuit, the test for deliberate indifference consists of two parts.  First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result

---

[1] "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990) (citing cases)), and Hunt v. Dental Department, 865 F.2d 198, 200-01 (9th Cir. 1989)), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

> in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

Thus, to state a claim for deliberate indifference to serious medical needs, a prisoner must allege that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

### C. Analysis of Plaintiff's Amended Complaint and Additional Filings

The court dismissed plaintiff's original complaint with leave to amend. See ECF No. 7. The court found dismissal appropriate because, although plaintiff demonstrated a serious medical need, the allegations of the original complaint asserted no more than medical negligence, which is not cognizable under the Eighth Amendment and Section 1983.

In response to the dismissal of his original complaint, plaintiff filed three documents: (1) an amended complaint, entitled "Complaint: Medical Cruelty, Pain and Suffering, Medical Negligence or Inadequate Medical Care Etc.," ECF No. 9; (2) a document entitled "Re: Cf. Mandate on Whether 1983 USC 42 has Merits," ECF No. 8; and (3) a document entitled "Re: Deliberate Indifference/Negligence/Malpractice Extended," ECF No. 10.

These documents are intended to be read in tandem and challenge the dismissal of plaintiff's original complaint. The amended complaint consists only of exhibits. Construed together, these documents make it clear that plaintiff is challenging his medical treatment (or lack thereof) for a condition called epididymitis (inflammation of the epididymis, the coiled tube at the

////

////

back of the testicle that stores and carries sperm).[2] Plaintiff alleges that a lump appeared on his right testicle in 2011, became chronically painful beginning in July 2014, and required the removal of his testicle on January 23, 2015.  In his original complaint, plaintiff sought monetary damages, a referral to an outside specialist, and transfer to another correctional facility; the amended complaint does not identify the relief sought.

Plaintiff's allegations, taken together, appear to state a cognizable claim of deliberate indifference to plaintiff's serious medical needs.  However, further amendment of the complaint is necessary.  As a threshold matter, an amended must be complete in itself – it must identify each claim and the challenged conduct of each defendant – without reference to any other documents except exhibits attached thereto.  See Local Rule 220.  This requirement makes it necessary for plaintiff to file one comprehensive Second Amended Complaint (SAC) that contains all of his allegations.  Should plaintiff file a SAC, he need not re-file his exhibits; the court will direct the Clerk of Court to attach the exhibits plaintiff has already submitted (which are set forth most comprehensively at ECF No. 9 at 2-40, Exhibits A-G).

Significantly, neither plaintiff's original complaint nor his amended complaint identify which defendant(s) engaged in specified challenged conduct. The amended complaint identifies no defendants.  See ECF No. 9.  The original complaint lists the following defendants, ECF No. 1 at 3:

> T. Broskie, M.D., Chief Medical Executive CA, on behalf of the California Health Care Facility and Health Care Services
>
> A. Adams, M.B.A., M.D., Chief Medical Executive, on behalf of the California Health Care Facility and Health Care Services
>
> Et cetera: (sic)

The "Mandate" filed by plaintiff provides the following list of "some of the defendants who are

---

[2] See Mayo Clinic Diseases and Conditions, at http://www.mayoclinic.org/diseases-conditions/epididymitis/basics/definition/con-20032876.  This court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned.  See Fed. R. Evid. 201.

5

involved on behalf of their superiors/elite," ECF No. 8 at 8:

> N. Warren, Manager, I.C.A.B., CHCF
> T. Broskie, M.D., CMO, CHCF
> A. Adams, M.D., MBA, CMO, CHCF
> J. Lewis, Deputy Director, CDC, HCS, CHCF

Naming a defendant without making specific charging allegations against that defendant fails to state a cognizable claim. There can be no liability under Section 1983 unless there is some affirmative link or connection between a defendant's challenged conduct and the claimed constitutional deprivation. Rizzo v. Goode, 423 U.S. 362, 371 (1976). May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Therefore, in a SAC, plaintiff must specifically explain how each named defendant was deliberately indifferent to his serious medical needs, that is, plaintiff must allege when and how each defendant violated plaintiff's right to constitutionally adequate medical care.

Additionally, a defendant's supervisory role does not render that defendant liable for the actions of his subordinates under a respondeat superior theory. Ashcroft, 556 U.S. at 676-77; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Therefore, no named defendant can be retained in this action merely because he held a supervisory role.

The only exception is that plaintiff may name an appropriate state supervisory official – e.g. a CHCF Chief Medical Officer – for the sole purpose of seeking appropriate prospective injunctive relief, see Papasan v. Allain, 478 U.S. 265, 276-78 (1986), e.g., to obtain a referral to a specialist.[3]  "'Remedies designed to end a continuing violation of federal law are necessary to

---

[3] Plaintiff's request to be moved to another correctional facility is not cognizable unless he can reasonably allege that transfer to a specific facility for specific reasons is necessary to remedy ongoing constitutional violations against plaintiff at his current place of incarceration. Convicted (continued…)

vindicate the federal interest in assuring the supremacy of that law.'" Id. at 278 (quoting Green v. Mansour, 474 U.S. 64, 68 (1985)).

Plaintiff alleges elsewhere that this action "is against the state of California, period." ECF No. 8 at 5. Plaintiff also names "CDCR/CHCF." ECF No. 1 at 2. However, none of these are appropriate defendants. Section 1983 suits against the state and its agencies are barred by the Eleventh Amendment. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984); Buckwalter v. Nevada Board of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012). Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010). Therefore, defendants State of California, California Department of Corrections and Rehabilitation (CDCR), and the California Health Care Facility (CHCF), must be dismissed from this action, and should not be re-named in a further amended complaint.

For these several reasons, plaintiff's amended complaint is dismissed with leave to file a Second Amended Complaint.

III.   Option to File a Second Amended Complaint

If plaintiff chooses to file a Second Amended Complaint, the complaint must allege in specific terms how each named defendant allegedly violated plaintiff's constitutional rights. Rizzo, supra, 423 U.S. at 371. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). An amended complaint supersedes the original complaint and must therefore be complete in itself without reference to the original complaint. See Local Rule 220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). An amended complaint must identify each claim and the challenged conduct of each defendant.

---

prisoners have no reasonable expectation to be placed at a particular facility, and prison officials have broad authority to transfer prisoners from one facility to another. Meachum v. Fano, 427 U.S. 215 (1976); Montanye v. Haymes, 427 U.S. 236 (1976). "[A] prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, indeed, even to a prison in another state, without offending the Constitution." Bravo v. Hewchuck, 2006 WL 3618023 at *1, 2006 U.S. Dist. LEXIS 93158 at *2 (N.D. Cal. 2006) (citations omitted).

IV.     Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's amended complaint, ECF No. 9, is dismissed with leave to file a Second Amended Complaint.

4. Defendants State of California, California Department of Corrections and Rehabilitation (CDCR), and the California Health Care Facility (CHCF), are dismissed from this action; they should not be re-named in the Second Amended Complaint.

5. Within thirty days after the filing date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. A Second Amended Complaint.

The Second Amended Complaint must bear the docket number assigned to this case, be labeled "Second Amended Complaint," and comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

6. If plaintiff files a Second Amended Complaint, he need not submit exhibits that he has already submitted; if the court finds the Second Amended Complaint cognizable, it will direct the Clerk of Court to attach the exhibits plaintiff has already submitted (which are set forth most comprehensively at ECF No. 9 at 2-40, Exhibits A-G); however, plaintiff may submit new relevant exhibits.

////

////

////

7. Failure to timely file a Second Amended Complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: September 29, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN C. GREEN,<br><br>        Plaintiff,<br><br>   v.<br><br>CDCR, et al.,<br><br>        Defendants. | No. 2:14-cv-2854 TLN AC P<br><br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following documents in compliance with the court's order filed_____.

    _____       Second Amended Complaint

_____    _____
Date                                                         Plaintiff