1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WARREN C. GREEN,                              No.  2:14-cv-2854 TLN AC P

12                    Plaintiff,

13          v.                                      ORDER AND FINDINGS AND
                                                    RECOMMENDATIONS
14    CDCR, et al.,

15                    Defendants.

16

17          I.      Introduction

18          Plaintiff is a state prisoner incarcerated at the California Health Care Facility (CHCF),

19    under the authority of the California Department of Corrections and Rehabilitation (CDCR).

20    Plaintiff seeks in this civil rights action to obtain monetary damages as recompense for the

21    alleged deliberate indifference of medical providers in failing to timely diagnose and treat his

22    epididymitis (inflammation of the epididymis, the coiled tube at the back of the testicle that stores

23    and carries sperm).[1]  Plaintiff alleges that a lump appeared in his right testicle in 2011 and

24    became chronically painful; that the lump was misdiagnosed and improperly treated, including as

25    a urinary tract infection (UTI); and that ultimately plaintiff's testicle was removed in January

26    _____

27    [1]  See Mayo Clinic Diseases and Conditions, at http://www.mayoclinic.org/diseases-
      conditions/epididymitis/basics/definition/con-20032876.  This court may take judicial notice of
      facts that are capable of accurate determination by sources whose accuracy cannot reasonably be
28    questioned.  See Fed. R. Evid. 201.

                                                    1

1    2015.  Plaintiff avers that he is distressed by the loss of his testicle and experiences ongoing pain.

2    Currently pending for this court's review is plaintiff's proposed Second Amended

3    Complaint, ECF No. 17, and request for appointment of counsel, ECF No. 18.  For the reasons set

4    forth below, this court recommends that the instant action be dismissed without prejudice for

5    failure to state a cognizable claim, and that plaintiff's request for appointment of counsel be

6    denied.

7    II.    Second Amended Complaint

8    A.    Legal Standards for Screening a Prisoner Civil Rights Complaint

9    The court is required to screen complaints brought by prisoners seeking relief against a

10   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

11   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

12   "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary

13   relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

14   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

15   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

16   Cir. 1984).  The court may dismiss a claim as frivolous when it is based on an indisputably

17   meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

18   327.  The critical inquiry is whether a constitutional claim, however inartfully pled, has an

19   arguable legal and factual basis.

20   A district court must construe a pro se pleading liberally to determine if it states a

21   potentially cognizable claim.  The court must explain to the plaintiff any deficiencies in his

22   complaint and accord plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122,

23   1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals

24   of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

25   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corporation v. Twombly, 550

26   U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to

27   'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly,

28   550 U.S. at 570).  "While legal conclusions can provide the framework of a complaint, they must

2

1  be supported by factual allegations." Id. at 679.  Rule 8 of the Federal Rules of Civil Procedure

2  "requires only a short and plain statement of the claim showing that the pleader is entitled to

3  relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it

4  rests." Twombly, 550 U.S. at 555 (citation and internal quotation and punctuation marks

5  omitted).

6        A pro se litigant is entitled to notice of the deficiencies in the complaint and an

7  opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See

8  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

9                    B.     Plaintiff's Second Amended Complaint

10       Plaintiff has filed numerous documents in this court in his attempt to craft a cognizable

11  complaint alleging deliberate indifference to his serious medical needs by specific defendants.

12  The court has attempted to provide adequate guidance.  Most recently, by orders filed September

13  29, 2015, and October 14, 2015, see ECF Nos. 11, 15, the court directed plaintiff to file one

14  comprehensive document, combining the claims and exhibits set forth in prior documents,

15  particularly his original complaint, ECF No. 1, and First Amended Complaint (FAC), ECF No. 9;

16  and to identify specific defendants and their allegedly unconstitutional conduct based on the legal

17  standards for stating a cognizable deliberate indifference claim.  This court stated that

18  "[p]laintiff's allegations, taken together, appear to state a cognizable claim of deliberate

19  indifference to plaintiff's serious medical needs."  ECF No. 11 at 5.  However, the court noted

20  that plaintiff's filings have consistently failed to "link" any challenged conduct (misdiagnoses,

21  belated referrals to specialists, inappropriate treatments) to specific defendants.  A complaint that

22  fails to identify specific acts by each defendant who allegedly violated the plaintiff's rights fails

23  to meet the notice requirements of Rule 8(a).  See Hutchinson v. United States, 677 F.2d 1322,

24  1328 n.5 (9th Cir.1982).

25       However, the abbreviated Second Amended Complaint (SAC), ECF No. 17, fails to

26  include these critical details.  The SAC alleges, for example, that plaintiff's "epididymitis was

27  'processed as a routine matter,' stated by: J. Lewis" (sic), citing "his report."  ECF No. 17 at 4.

28  The SAC also alleges that "my medical condition wasn't taken seriously as it should have been,

1    statements by: J. Lewis and Dr. Liu, who at first just 'treated' me with antibiotics." <u>Id.</u>  There are

2    no pertinent exhibits attached to the SAC.  Exhibits attached to the original complaint and FAC

3    reference J. Lewis only twice:  (1) an October 10, 2014 notice on behalf of J. Lewis (Deputy

4    Director, Policy and Risk Management Services, California Correctional Health Care Services

5    (CCHC)), informing plaintiff that his submission of Health Care Appeal Log No. CHCF HC

6    14000797 lacked plaintiff's signature and date, <u>see</u> ECF No. 9 at 31; and (2) the October 13, 2014

7    Director's Level Decision on the same appeal, written on behalf of J. Lewis, finding that plaintiff

8    had received medically appropriate treatment from unnamed clinical staff, viz., two different

9    antibiotics that apparently resolved his putative UTI, and five medical evaluations within two

10   weeks, <u>see</u> ECF No. 9 at 23-4.  Neither of these exhibits supports a claim against J. Lewis.

11   Supervisors may be held liable under Section 1983 only if they "participated in or directed the

12   violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d

13   1040, 1045 (9th Cir. 1989).[2]

14           Nor does the Second Level Decision in plaintiff's Health Care Appeal Log No. CHCF HC

15   14000797 support a cognizable claim against the Physician's Assistant who interviewed plaintiff

16   (O. Akintola), or Dr. T. Bzoskie, CHCF Chief Medical Executive (CME), who rendered the

17   decision.  <u>See</u> ECF No. 1 at 33-4.  Although this decision also assumed, apparently incorrectly,

18   that plaintiff was suffering from UTIs, it notes that plaintiff's symptoms, including complaints of

19   testicular pain, "resolved after the antibiotics were discontinued." <u>Id.</u> at 34.  There are no facts

20   from which to reasonably infer that either individual was deliberately indifferent to plaintiff's

21   serious medical needs, that is, that he "kn[ew] of and disregard[ed] an excessive risk to

22   [plaintiff's] health or safety; the official must both be aware of the facts from which the inference

23   could be drawn that a substantial risk of serious harm exists, and he must also draw the

24   inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

25   ////

26

27   _____
     [2]  While this court previously noted that plaintiff may be able to name a supervisory official, such
28   as a Chief Medical Officer, for the purpose of obtaining prospective relief, <u>see</u> ECF No. 11 at 6-7,
     plaintiff now seeks only damages.

1    Similarly, the general allegations against Drs. Liu and Quresh in the SAC, see ECF No. 17

2    at 4, 5, are supported neither by the SAC nor any previously filed exhibits.  Finally, although

3    plaintiff was previously informed that he is unable to sue a state agency, as he has again named in

4    the SAC "HCS [Health Care Services] & Associates," "HCS and Medical Associates in CHCF et

5    al.," etc.  See ECF No. 17 at 1, 2.

6        In sum, the court's review of plaintiff's numerous filings has failed to identify a

7    potentially cognizable deliberate indifference claim against any specific medical provider.

8    Because plaintiff has been accorded adequate opportunity to correct the deficiencies of his

9    pleading, and asserts that he does not intend to attempt further amendment, the court finds that

10   further amendment would be futile.  See Noll, 809 F.2d at 1448; accord Hartmann v.CDCR, 707

11   F.3d 1114, 1130 (9th Cir. 2013).

12       For these reasons, this court finds that the SAC fails to state a cognizable claim, and

13   recommends that this action be dismissed without prejudice.

14       III.    Request for Appointment of Counsel

15       Plaintiff has submitted a "form" motion requesting appointment of counsel.  See ECF No.

16   18.  The motion states that plaintiff is incarcerated, indigent, and unlearned in the law.  The

17   undersigned acknowledges that any prisoner civil rights case would benefit from the appointment

18   of counsel.  However, the standards supporting appointment of counsel in prisoner civil rights

19   actions require "exceptional circumstances" uncommon to that confronted by most prisoners, and

20   the court finds that plaintiff has not demonstrated such circumstances.

21       District courts have no authority to require an attorney to voluntarily represent an indigent

22   prisoner in a civil rights action.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).

23   Only in certain exceptional circumstances may a district court request the voluntary assistance of

24   a willing attorney.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

25   1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional

26   circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and

27   the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal

28   issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v.

1  Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack

2  of legal education and limited law library access, do not establish exceptional circumstances that

3  would warrant a request for voluntary assistance of counsel.  Palmer v. Valdez, 560 F.3d 965, 970

4  (9th Cir. 2009).

5        In addition to these standards, this court is required to consider each plaintiff's request for

6  appointment of counsel in light of the reality that only a limited number of volunteer attorneys are

7  available for appointment.  In the present case, plaintiff has been provided guidance by the court

8  and repeated opportunities to identify at least one defendant against whom he can allege a viable

9  claim for deliberate indifference to his serious medical needs.  Despite plaintiff's numerous

10  filings, and the court's careful review of his exhibits, neither plaintiff nor this court has been able

11  to formulate such a claim.  Thus, it is not clear that appointed counsel would be able to identify

12  such a claim.  As plaintiff was informed early on in this case, "Negligence is insufficient.  Even

13  civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so

14  obvious that it should be known) is insufficient to establish an Eighth Amendment violation.  It is

15  not enough that a reasonable person would have known of the risk or that a defendant should have

16  known of the risk."  ECF No. 7 at 4 (citing Farmer, 511 U.S. at 835-42).

17        Additionally, incarceration, indigence and limited legal training are circumstances

18  common to nearly all prisoners.  In the absence of potentially cognizable claims, this court is

19  unable to assess their complexity or find that plaintiff is likely to succeed on the merits.

20        For these reasons, the undersigned recommends that plaintiff's request for appointment of

21  counsel be denied.

22      IV.   Conclusion

23        For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's request for

24  appointment of counsel, ECF No. 18, is DENIED.

25        IT IS HEREBY RECOMMENDED that:

26      1.  This action be dismissed without prejudice; and

27      2.  The Clerk of Court be directed to close this case.

28  ////

6

1    These findings and recommendations are submitted to the United States District Judge

2    assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days

3    after being served with these findings and recommendations, plaintiff may file written objections

4    with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

5    and Recommendations."  Plaintiff is advised that failure to file objections within the specified

6    time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

7    (9th Cir. 1991).

8    DATED: October 19, 2016

9    _____

     ALLISON CLAIRE
10   UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7