1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WARREN C. GREEN,                          No.  2:14-cv-02854-TLN-AC

12              Plaintiff,

13        v.                                    ORDER

14   CDCR, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief

18   under 42 U.S.C. § 1983.  Plaintiff alleges deliberate indifference of medical providers in failing to

19   diagnose and treat his epididymitis between 2011 (when a chronically painful lump appeared on

20   his right testicle) and January 2015 (when his right testicle was amputated).  (ECF No. 20 at 1.)

21   Plaintiff states that he still experiences pain.  (ECF No. 20 at 2.)  This matter is now before the

22   Court for screening of Plaintiff's Second Amended Complaint (ECF No. 17) and Plaintiff's

23   renewed Motion to Appoint Counsel (ECF No. 21).  The Court will attempt to secure volunteer

24   counsel to assist Plaintiff.

25        I.        BACKGROUND

26        Plaintiff filed his original complaint in early December 2014, the month before the

27   amputation, alleging inadequate medical care in violation of the Eighth Amendment.  (ECF No. 1

28   at 11.)  Plaintiff asked the Court to intervene to order treatment by an outside doctor and to award

1

1   monetary damages.  (ECF No. 1 at 12.)  The matter was referred to a United States Magistrate

2   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

3         The Magistrate Judge found that Plaintiff sufficiently alleged a serious medical condition

4   (ECF No. 7 at 5) but had not sufficiently demonstrated connection between a Defendant's actions

5   and a claimed deprivation of constitutional rights.  (ECF No. 7 at 6.)  Plaintiff filed additional

6   documents (ECF Nos. 9, 10) and the Magistrate Judge found that the whole appeared to state a

7   cognizable claim but required further amendment.  (ECF No. 11 at 5.)  Plaintiff filed a Second

8   Amended Complaint (ECF No. 17) and Motion for Appointed Counsel stating that he did not

9   believe he would be able to draft a satisfactory complaint without assistance.  (ECF No. 18.)

10        On October 19, 2016, the Magistrate Judge filed findings and recommendations agreeing

11  that further amendment without counsel would be futile.  (ECF No. 20 at 5.)  Plaintiff filed

12  objections to the findings and recommendations and renewed his request for the Court to appoint

13  counsel.  (ECF No. 21.)

14        **II.    REQUEST FOR APPOINTMENT OF COUNSEL**

15        Plaintiff does not have a constitutional right to appointed counsel in this civil action.

16  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).  A court cannot require an attorney to

17  voluntarily represent indigent prisoners in § 1983 cases.  *Mallard v. United States Dist. Court*,

18  490 U.S. 296, 298 (1989).  A court may request the voluntary assistance of counsel pursuant to 28

19  U.S.C. § 1915(e)(1) in certain exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017

20  (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The court must

21  evaluate the plaintiff's likelihood of success of the merits and ability to "articulate his claims *pro*

22  *se* in light of the complexity of the legal issues involved.  *Rand v. Rowland,* 113 F.3d 1520, 1525

23  (9th Cir.1997); *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir.2009).

24        The Magistrate Judge found that Plaintiff may have a cognizable Eighth Amendment

25  claim regarding his serious injury.  (ECF Nos. 11 at 5.)  Plaintiff, however, was unable to amend

26  his complaint to connect any of the conduct he challenges to the medical providers.  (ECF No. 20

27  at 5.)  Both the Court and Plaintiff agree that further amendment without the assistance of counsel

28  would be futile.  (ECF No. 20 at 5 and ECF No. 17 at 5.)  The Court has determined that this case

1  may be appropriate for appointment of volunteer counsel.  The Court will try to secure volunteer

2  counsel to assist Plaintiff.  However, the Court cannot require an attorney to represent Plaintiff in

3  this civil action.  Plaintiff is advised that it may not be possible to secure volunteer counsel for his

4  case.

5  **III.  CONCLUSION**

6  Accordingly, IT IS HEREBY ORDERED that the Court declines to adopt the findings and

7  recommendations filed on October 19, 2016 (ECF No. 20).

8  IT IS FURTHER ORDERED:

9  1.  Plaintiff's Second Amended Complaint (ECF No. 17) is dismissed with leave to

10  amend; and

11  2.  This matter is referred to Sujean Park, Program Director of the Pro Bono Program of

12  the Eastern District of California, to seek voluntary counsel to represent Plaintiff in this

13  action.

14

15  Dated: March 30, 2017

16

17

18  Troy L. Nunley
   United States District Judge

19

20

21

22

23

24

25

26

27

28

3