UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN C. GREEN, | No. 2:14-cv-2854 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| CDCR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. On January 12, 2018, defendants filed a motion to revoke plaintiff's in forma pauperis status under 28 U.S.C. § 1915(g) ("three strikes" rule). See ECF No. 39. Pursuant to Local Rule 230(l), plaintiff's opposition or statement of non-opposition was due within 21 days. See E.D. Cal. L.R. 230(l). This deadline has passed without any response from plaintiff. This order: (1) directs plaintiff to file his response within 21 days; (2) informs plaintiff of the potential consequences for failing to file a response; and (3) apprises plaintiff of the legal standards for assessing the merits of defendants' motion under Section 1915(g).

Under Local Rule 230(l), failure to oppose a motion may be deemed a waiver of opposition to the motion.[1] Id. In the present case, plaintiff's failure to oppose defendants'

---

[1] More broadly, Local Rule 110 provides that failure to comply with court rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power

1

pending motion may result in the revocation of plaintiff's in forma pauperis status and, therefore, require plaintiff's payment of the full filing fee ($400.00) in order to proceed.

The following legal standards apply in assessing the merits of defendants' motion. Under 28 U.S.C. § 1915, a federal court may authorize commencement and prosecution of a suit without prepayment of fees by a person who submits an affidavit demonstrating that he or she is unable to pay such fees. However, under 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A "three-strikes litigant" under this provision is precluded from proceeding in forma pauperis in a new action *unless he was "under imminent danger of serious physical injury" at the time he commenced the new action.* See 28 U.S.C. § 1915(g) (emphasis added); Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The danger must be real, proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and ongoing, Andrews, 493 F.3d at1056. Allegations that are overly speculative or fanciful may be rejected. Id. at 1057 n.11. "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Id. at 1055.

With these considerations in mind, IT IS HEREBY ORDERED that:

1. Plaintiff shall, within 21 days after the filing date of this order, file and serve an opposition or statement of non-opposition to defendants' pending motion to revoke plaintiff's in forma pauperis status.

////

////

////

////

---

of the Court." Further, the Federal Rules of Civil Procedure provide for dismissal of an action for failure to prosecute or to comply with the rules or orders of the court. See Fed. R. Civ. P. 41(b).

2. Failure of plaintiff to submit a response to defendants' motion may be deemed a waiver of opposition thereto, and will render the matter submitted on the papers.

SO ORDERED.

DATED: March 1, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE