UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN C. GREEN, | No. 2:14-cv-2854 TLN AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CDCR, et al., | |
| Defendants. | |

**I.    Introduction**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis (IFP) with this civil rights action filed pursuant to 42 U.S.C. § 1983. On January 12, 2018, defendants filed a motion to revoke plaintiff's IFP status under 28 U.S.C. § 1915(g) (the "three strikes rule"). See ECF No. 39. Plaintiff opposes revocation of his IFP status. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the undersigned recommends that defendants' motion be denied.

**II.    Legal Standards Governing In Forma Pauperis Status**

Under the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, federal courts may authorize the commencement and prosecution of a civil suit without prepayment of fees if the plaintiff demonstrates by affidavit that he is unable to pay the fees. See 28 U.S.C. § 1915(a)(1). Incarcerated plaintiffs must also submit a copy of their prison trust account statement for the

1

preceding six months that demonstrates support for their claim of indigence. § 1915(a)(2). If IFP status is granted, the fees will be deducted from the prisoner's trust account on a periodic basis. § 1915(b).

However, IFP status shall not be granted to a prisoner who has brought three prior federal cases that were dismissed as frivolous, malicious, or for failing to state a claim, unless the prisoner was under imminent danger of serious physical injury when he filed the complaint. As set forth in the statute:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious, or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "[T]he central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting Blakely v. Wards, 738 F.3d 607, 615 (4th Cir. 2013)). A claim is "frivolous" when it is without "basis in law or fact," and "malicious" when it is "filed with the intention or desire to harm another." Andrews v. King, 398 F.3d at 1121. "Failure to state a claim" has the same meaning under § 1915(g) that it does under Federal Rule of Civil Procedure 12(b)(6). Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 893 (9th Cir. 2011).

Defendants have the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Andrews v. King, 398 F.3d at 1120 (quoting § 1915(g)). Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. Id.

2

A "three-strikes litigant" under this provision is precluded from proceeding in forma pauperis in a new action unless he was "under imminent danger of serious physical injury" at the time he commenced the new action. See 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The danger must be real, proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and ongoing, Andrews v. Cervantes, 493 F.3d at 1056. Allegations that are overly speculative or fanciful may be rejected. Id. at 1057 n.11.

### III. Cases Proffered as "Strikes" by Defendants

Defendants contend that plaintiff filed six cases while incarcerated that were dismissed as frivolous or for failure to state a claim, and that each such case counts as a "strike" under Section 1915(g). The court grants defendants' request for judicial notice of the cited cases.[1] See ECF No. 39-2 (request for judicial notice), and ECF No. 39-3 (exhibits). The undersigned has conducted an independent review of the original dockets and filings in these cases.

The first five cases proffered by defendants were filed in and decided by the United States District Court for the Central District of California, and the sixth was brought here in the Eastern District. In each of the Central District cases, the court evaluated the substance of the complaint in the context of a ruling on in forma pauperis status. "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (alteration in original) (quoting 28 U.S.C. § 1915(g)).

The court now addresses each of the proffered cases in turn.

### A. Plaintiff's Dismissals Before the Filing of This Case

Three of the cases produced by defendants preceded commencement of the instant action.

---

[1] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

3

### 1. Green v. Sullivan, et al. ("Sullivan I")
### Case No. 2:07-cv-07961 UA PLA (C.D. Cal. Dec. 6, 2007)

In this complaint, lodged in the Central District on December 6, 2007, plaintiff asserted that his Sixth, Fourteenth and Eighth Amendment rights had been violated by his wrongful conviction and consequent incarceration. ECF No. 39-3 at 12. The supporting allegations all involved violation of plaintiff's trial rights by his public defender and the prosecutor. Id. The complaint sought relief including damages for each year of incarceration, additional damages for the inadequate medical care he received while incarcerated, and release from prison and to a nursing home. Id. at 13.

On January 3, 2008, on a form order, the magistrate judge recommended denial of plaintiff's request to proceed in forma pauperis on grounds the request was incomplete – it lacked a certified copy of plaintiff's prison account statement for the preceding six months, and failed to include certification by an authorized officer. Id. at 5. The district judge adopted the recommendation without comment. Id. The form order was accompanied by a written "Attachment" informing plaintiff of the deficiencies in his complaint. Id. at 6-8.[2] Specifically, "to the extent plaintiff may be seeking to challenge his underlying conviction," plaintiff was informed that his remedy lay exclusively in habeas. Id. at 7. "To the extent he may be seeking money damages in a civil rights action pursuant to § 1983 for an allegedly unlawful conviction or sentence," plaintiff was advised that his claims were likely Heck-barred.[3] Id. at 7-8. Plaintiff was further informed that his claims against the district attorney "appear to be" barred by absolute prosecutorial immunity and that public defenders cannot be sued under § 1983. Id. at 8. Finally, the court noted that "to the extent plaintiff is attempting to bring an action for inadequate medical care, he has not named any defendants allegedly responsible for such inadequate care." Id.

As noted above, denial of IFP status may constitute a strike when IFP status is denied on grounds of frivolity, maliciousness, or failure to state a claim. O'Neal, 531 F.3d at 1155. The

---

[2] The portion of the form order completed by the magistrate judge, in support of the recommended disposition, indicates that the attachment contains his "comments." Id. at 5.
[3] See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

procedural mechanism or particular rule under which a prior case was dismissed is not dispositive. Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013). In every case, however, the reviewing court must identify and independently review the dismissing court's action and the reason underlying it. Andrews v. King, 398 F.3d at 1121. It is the reason for a prior dismissal or denial of IFP status that determines whether it counts as a strike. Id.

The reasons given for denial of IFP status in Sullivan I were: (1) "Failure to provide certified copy of trust fund statement for the last six months – outdated by over one year" and (2) "certificate of authorized officer not completed." ECF No. 39-3 at 5. These grounds for denial do not implicate frivolity, maliciousness, or failure to state a claim. The Attachment to the order expressly identifies deficiencies that the court identified under § 1915(e)(2) screening standards, id. at 6, but it does not specify any of these deficiencies as the basis for denial of IFP status. Each problem with the complaint is identified and plaintiff is informed of the applicable legal rules, but the court does not expressly find any claim to be frivolous or malicious and does not use the phrase "failure to state a claim." Overall, the Attachment reads as an informative memo to plaintiff, not as an order independently stating grounds for dismissal or denial of IPF status. Without a direct statement that the identified deficiencies constitute additional reasons for denial of the IFP application, this court will not construe the Attachment as stating additional grounds for decision.[4]

This court's conclusion that the Attachment does not state reasons for the decision to deny IFP is confirmed on the face of the Order Re Leave to File Action Without Prepayment of Full Filing Fee, id. at 5. Not only are the two specified procedural defects the only reasons expressly indicated as the basis for denial, but the boxes provided to indicate judicial findings that the

---

[4] It is of course indisputable that some matters identified in the Attachment, such as prosecutorial immunity, would support a strike if they were the reason for dismissal. Other issues identified in the Attachment, such as the Heck bar and presentation of would-be habeas claims in a civil rights complaint, would not necessarily support a strike. See Washington v. Los Angeles County Sheriff's Dep't, 833 F.3d 1048, 1055, 1057 (9th Cir. 2016); El-Shaddai, 833 F.3d at 1046-47. When multiple claims have been presented in a single action, a strike is assessed "only when the 'case as a whole' is dismissed for a qualifying reason under the [PLRA]." Washington, 833 F.3d at 1057. These matters are addressed more fully in relation to Sullivan II, below.

complaint is legally or factually frivolous, or sues immune defendants, are left blank. Id. The magistrate judge had the opportunity to indicate that frivolity and/or prosecutorial immunity supported denial of IFP status, and he declined to do so. The district judge adopted the recommendation without further comment. Accordingly, the undersigned concludes that the denial of plaintiff's IFP application in Sullivan I was not based on a finding that the complaint was frivolous, malicious, or failed to state a claim. Accordingly, it does not constitute a strike.

### 2. Green v. Sullivan, et al. ("Sullivan II")
### Case No. 08-cv-1738 UA PLA (C.D. Cal. April 1, 2008)

Shortly after the denial of IFP status in Sullivan I, plaintiff filed a new complaint making the same general allegations (although somewhat expanded and with additional exhibits), and seeking the same mixed relief (including an increased amount of monetary damages). ECF No. 39-3 at 29-63 (complaint in Sullivan II). Again using the Central District's form order, the magistrate judge recommended denial of IFP status and the district judge adopted the recommendation. Id. at 24 (order filed April 1, 2008). This time, however, the form order specified the reason for denial as "legally and/or factually patently frivolous." Id. An Attachment was again appended to the order, repeating the recitation of defects first identified in Sullivan I. Id. at 25-28. Because the Attachment is expressly referenced as "comments" to the recommendation for dismissal as frivolous, id. at 24, it constitutes in this case (unlike in Sullivan I) an explanation of decision.

The Attachment states that (1) to the extent plaintiff is challenging his underlying conviction, his sole remedy lies in habeas; (2) to the extent he seeks monetary damages related to an allegedly unlawful conviction or sentence that has not been reversed, expunged or declared invalid, his claims are Heck-barred; (3) his claims against the prosecutor are barred by absolute immunity; (4) he cannot maintain a § 1983 action against a public defender, because the U.S. Supreme Court has ruled that public defenders do not act "under color of law" within the meaning of § 1983. Id. at 26-27. Finally, the court states that to the extent plaintiff is attempting to bring an action for inadequate medical care, he has not alleged any facts against any named defendants who are allegedly responsible for such inadequate care. Id. at 28. Throughout, the Attachment

notes that plaintiff has previously been advised of these defects.

Whether disposition of Sullivan II supports assessment of a strike turns in part on how the claims are characterized. The Ninth Circuit has held that the dismissal of a habeas petition does not, in general, count as a strike. Andrews v. King, 398 F.3d at 1122. Dismissal of an action styled as a civil rights complaint, but sounding in habeas, should be treated like dismissal of a habeas petition and thus does not count as a strike. El-Shaddai, 833 F.3d at 1046-47 (no strike when the claims dismissed were "in essence, habeas claims."). On the other hand, an action styled as a habeas petition, but asserting claims or seeking relief that sound in § 1983, can count as a strike if dismissed as frivolous, malicious, or for failure to state a claim. See Andrews v. King, 398 F.3d at 1122 n. 12. Here, the Central District court recognized that the complaint presented both civil rights claims and putative habeas claims, arising from the same factual allegations (ineffective assistance of counsel and prosecutorial misconduct).

Lying at the intersection of habeas and § 1983 are claims for damages that necessarily imply the invalidity of a criminal sentence. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that such claims must be dismissed unless the plaintiff demonstrates that the conviction at issue has been reversed, expunged or otherwise invalidated. Civil claims for damages that undermine a valid, underlying conviction or sentence are not cognizable in § 1983. Id. at 487. In the PLRA three-strikes context, dismissals under Heck are not considered frivolous or malicious per se, and do not categorically count as dismissals for failure to state a claim. Washington v. Los Angeles County Sheriff's Dep't, 833 F.3d 1048, 1055 (9th Cir. 2016). Application of the Heck bar does support a strike, however, when the Heck deficiency is plain from the face of the complaint and plaintiff therefore could not possibly secure relief. Id. at 1056.

Here, the Heck deficiency was plain from the face of the complaint. Plaintiff's allegations demonstrated that his conviction was intact, and the alleged violations of his rights would, if proven, demonstrate the invalidity of the conviction. This conclusion does not resolve the strike question, however, because the Heck bar did not apply to the entirety of the complaint. The district court in Sullivan II recognized that the complaint asserted both claims for damages subject to Heck (and independently subject to dismissal on other grounds that amount to failure to

7

state a claim) *and* claims for habeas relief. ECF No. 39-3 at 26-27. Where a prisoner presents related habeas and § 1983 claims in a civil complaint, and the district court dismisses the former as properly brought in habeas and the latter as Heck-barred, the dismissal does not count as a strike. Washington, 833 F.3d at 1057. This result is compelled by the principle that dismissal of an action containing multiple claims supports a strike only when "the case as a whole" is dismissed for a qualifying reason under the PLRA. Id. (quoting Andrews v. Cervantes, 493 F.3d at 1054)).

As in Washington, the complaint here resulted in only a partial dismissal under Heck – and for other reasons also amounting to failure to state a claim under § 1983. The would-be habeas aspect of the case, however, was not subject to Heck, or prosecutorial immunity, or the § 1983 requirement of action under color of state law. Accordingly, because IFP status was also denied in substantial part because plaintiff sought relief available only in habeas, the effective dismissal of the action "as a whole" was not for reasons that qualify as a strike.

This conclusion is unaffected by the district court's emphasis on the fact that plaintiff had previously brought a habeas petition that had been denied with prejudice, and therefore faced the statutory restrictions on second or successive petitions. See ECF No. 39-3 at 26. Even if an unauthorized successive habeas petition could be deemed "frivolous" in the context of habeas law, habeas dispositions – including disposition of putative habeas claims improperly presented in a civil rights complaint – simply do not count for purposes of § 1915(g). Andrews v. King, 398 F.3d at 1122; El-Shaddai, 833 F.3d at 1046-47.[5] Similarly, the court's general indication on the form order that IFP status was denied on grounds of frivolity does require assessment of a strike where, as here, it is clear from the statement of reasons that a discrete portion of the lawsuit was effectively dismissed because it belonged in a habeas petition. Washington, 833 F.3d at 1057.

For all these reasons, the denial of IPF status in Sullivan II does not count as a strike.

---

[5] The result might be different had the denial of IFP status included a finding that the civil rights complaint constituted a bad faith (i.e., malicious) attempt to avoid the procedural requirements of habeas corpus. The record here does not present that situation, however. Absent such a finding, this court is bound by the Ninth Circuit rule that dismissal from a civil rights complaint of would-be habeas claims does not support a strike.

8

3.     **Green v. Sullivan, et al. ("Sullivan III")**
**Case No. 08-7339 UA PLA (C.D. Cal. Nov. 19, 2008)**

In a form order filed November 19, 2008, the district judge denied plaintiff's request to proceed in forma pauperis based on findings that plaintiff had made an "inadequate showing of indigency" and because the action was "legally and/or factually patently frivolous." ECF No. 39-3 at 69. The complaint and exhibits at issue were very similar to that filed in Sullivan I and Sullivan II. Id. at 74-110. Attached to the order denying IFP status was a written Attachment identical to that in Sullivan II. Id. at 70-73.

As in Sullivan II, the finding of frivolity does not necessarily support assessment of a strike because the statement of reasons demonstrates that the complaint was rejected in part because it contains claims that can only be brought in habeas. Under Washington v. Los Angeles County, supra, such an order does not establish that the dismissal "as a whole" was based on a qualifying statutory reason. See also, Andrews v. Cervantes, 493 F.3d at 1054.

There is an argument to be made that this IFP denial should nonetheless count as a strike because it was the third time that essentially identical claims were rejected with the same explanation of deficiencies, and the second time the denial was expressly based on frivolity. The Ninth Circuit has held that, although a dismissal for failure to satisfy Federal Rule of Civil Procedure 8(a)'s "short and plain statement" requirement does not generally support a strike, dismissal for "repeated and knowing" violation of Rule 8 can constitute dismissal for failure to state a claim within the meaning of § 1915(g). Knapp, 738 F.3d at 1108-09 (assessing strike where district court order specified dismissal was for "repeated disobedience" of Rule 8 despite prior warnings of deficiencies). Whether the reasoning of Knapp applies to repeat dismissals on Heck and would-be habeas grounds, however, is not properly before the court. Defendants have not argued for assessment of a strike on that basis, and the Central District court did not specify that denial of IFP status was based on the repeated presentation of claims previously found inadequate to proceed.[6]

---

[6] The court noted as to each deficiency that plaintiff had previously been informed of the applicable rule, but did not identify "repeated disobedience" of court orders as the basis for

9

Even if denial of IFP status in Sullivan III were counted as a strike, however, it would be the only strike defendant has identified that was incurred prior to the filing of the case before this court. As the undersigned now explains, the dismissals that followed filing of the instant case cannot constitute strikes under a plain reading of § 1915(g).

**B.     Plaintiff's Dismissals Subsequent to the Filing of This Case**

Defendants contend that the dismissals of three additional cases constitute strikes under § 1915(g). However, each of the identified actions was commenced – and dismissed – *after* plaintiff commenced the instant action. The undersigned finds that this timing precludes consideration of these cases as PLRA strikes.

Section 1915(g) provides that a prisoner cannot "*bring*" a new action IFP if he or she "has, on 3 or more *prior* occasions . . . *brought an action . . . that was dismissed* on the grounds that it is frivolous, malicious, or fails to state a claim . . . ." 28 U.S.C. § 1915(g) (emphasis added). The Ninth Circuit reiterates this language, emphasizing that "'[s]trikes' are *prior* cases or appeals, brought while the plaintiff was a prisoner, *which were dismissed* 'on the ground that [they were] frivolous, malicious, or fail [ ] to state a claim[.]'" Andrews v. King, 398 F.3d at 1116 n.1 (emphasis added). A plain reading of the statute compels the conclusion that the number of strikes assessed against a plaintiff under Section 1915(g) are to be determined at the time he commenced the subject action.

While it is clearly established that the statute's "imminent danger exception" is to be evaluated on the basis of circumstances at the time the subject complaint was filed, Andrews v. Cervantes, 493 F.3d at 1053, there is limited case law addressing the timing of the "three strikes" assessment on to a motion to revoke IFP status. Defendants cite no authority supporting consideration of dismissals suffered subsequent to commencement of the action in which the motion to revoke is brought. The district courts which have addressed the question have concluded that only strikes already accumulated when plaintiff commenced the subject action should be considered, even when the three-strikes assessment is conducted pursuant to a motion

---

denying IFP status.

10

to revoke the plaintiff's IFP status.[7] As held by the Northern District of New York, although "federal district courts have the authority to rescind or revoke the in forma pauperis status that it has previously bestowed upon a plaintiff, where it discovers that the status was improvidently granted . . . dismissals [] which post-date the filing of this action [] may not count as 'strikes' for purposes of determining whether or not Plaintiff may proceed (or may continue to proceed) in forma pauperis in the current action." Eady v. Lappin, 2007 WL 1531879, at *1 & 3, 2007 U.S. Dist. LEXIS 104382, at *2 & 6 (N.D.N.Y. May 22, 2007).

The undersigned agrees with those courts which have applied the express language of the statute to restrict dismissals that may be counted as "strikes" under Section 1915(g) to those that were entered *prior* to the filing of the subject action. Accordingly, any otherwise qualifying dismissals that post-date plaintiff's initiation of the instant action on December 5, 2014, will not be counted as strikes for purposes of his ability to proceed in forma pauperis here.

1. **Green v. The People of California, et al. ("People I")**
**Case No. 2:15-cv-00455 CJC PLA (C.D. Cal. Jan. 27, 2015)**

In a form order without attachments filed January 27, 2015, the district judge denied plaintiff leave to proceed in forma pauperis on grounds including "frivolous, malicious, or fails to state a claim upon which relief may be granted." ECF No. 39-3 at 115. In the Comments section, the magistrate judge noted that that plaintiff had filed neither a request to proceed in forma

---

[7] See e.g. Gill v. Pidlypchak, 2006 WL 3751340, at *2 n.4, 2006 U.S. Dist. LEXIS 100776, at *8 n.4 (N.D.N.Y. Dec. 19, 2006) (cases "dismissed after this action was commenced . . . do not count as 'strikes' for purposes of assessing whether [plaintiff] is entitled to IFP status"); Gasaway v. Warden FCI Allenwood, 2012 WL 1658297, at *1, 2012 U.S. Dist. LEXIS 66237, at *3 (M.D. Pa. May 11, 2012) (motion to revoke IFP status denied because "we are obliged to consider only those 'strikes' that Defendants establish [plaintiff] had accumulated as of the date he commenced the instant action"); Boggs v. Danials, 2014 WL 185249, at *4 (M.D. Ga. Jan. 15, 2014) (order adopting report and recommendation), 2013 U.S. Dist. LEXIS 183670, at *7 (report and recommendation) ("the case was not dismissed until after Plaintiff initiated this action [and] . . . does not count as a 'strike' for the purposes of this lawsuit") (fn. omitted); Sussman v. Hampton, 2015 WL 13590160, at *4 (no LEXIS cite) (S.D. Fla. Oct. 30, 2015) ("dismissals that postdate the filing of the action in question may not count as 'strikes' under § 1915(g)") (collecting cases), aff'd, 703 Fed. Appx. 761 (11th Cir. 2017); cf. Guarneri v. Bradt, 2015 WL 3746331, at *1-2, 2015 U.S. Dist. LEXIS 77164, at * *3-5 (W.D.N.Y. June 15, 2015) (revoking in forma pauperis status because plaintiff "accumulated three strikes prior to commencing this action" and failed to meet the imminent danger exception).

11

pauperis nor a complaint, only "exhibits." Id. Plaintiff had no other open case to which the exhibits could relate. Id. The form order also found that plaintiff had made an inadequate showing of indigency, failed to authorize disbursements from his prison trust account, and failed to provide certified copy of his prison trust account statement. Id.

Denial of IFP status on stated grounds that the filing was frivolous, malicious or failed to state a claim satisfies the standards for a "strike" under Section 1915(g). However, this strike was incurred on January 27, 2015, after commencement of the instant case on December 5, 2014.[8] Accordingly, it was not a "prior" case dismissed on a qualifying ground at the time plaintiff brought this case. It therefore does not indicate that IFP status was improvidently granted. See Eady, supra.

### 2. Green v. The People of California et al. ("People II")
### Case No. 2:16-cv-1020 CJC PLA (C.D. Cal. Feb. 24, 2016)

In a form order filed February 24, 2016, the district judge denied plaintiff's request to proceed in forma pauperis based on a finding that the action was "frivolous, malicious, or fails to state a claim upon which relief may be granted." ECF No. 39-3 at 120. The form order was accompanied by a written Attachment finding that plaintiff appeared to be "alleging, among other things, that there was insufficient evidence to support his November 30, 2000, conviction," and therefore that a petition for writ of habeas corpus was his sole remedy. Id. at 122. However, the court noted that plaintiff had filed a previous habeas action challenging his 2000 conviction, which was dismissed because barred by the statute of limitations. Id. at 122 n.1. Therefore the court found that, even if the action were construed as a habeas petition, it would be both successive and barred by the statute of limitations. Id. The court also found that, to the extent plaintiff was attempting to seek monetary damages under Section 1983 based on an allegedly unlawful conviction, the claim was Heck-barred. Id. at 122-23.

---

[8] People I was commenced on January 22, 2015 with the filing of what the Clerk's Office construed as a complaint (and which the magistrate judge described as consisting only of exhibits). See ECF NO. 39-3 at 112-13 (docket report). Accordingly, it was both filed and dismissed after commencement of the instant case, and cannot be considered a prior action by reference to either date.

12

Whether or not this dismissal would otherwise support assessment of a strike in light of Washington, 833 F.3d at 1057, it cannot be counted as a strike for purposes of precluding IFP status in this case because it was both commenced and dismissed after the instant case was brought. See ECF No. 39-3 at 117-18 (docket report).

### 3. Green v. Infante, et al. ("Infante")
### Case No. 2:15-cv-02586 JAM CKD P (E.D. Cal. Dec. 14, 2015)

This case was commenced on December 14, 2015, and the court subsequently granted plaintiff's request to proceed in forma pauperis and dismissed the original complaint with leave to amend for failure to state a claim. ECF No. 39-3 at 125-26 (docket report). Thereafter plaintiff filed a First Amended Complaint, id., which was dismissed with prejudice for failure to state a claim on April 1, 2016. Id. at 129-130 (Findings and Recommendations), 132-33 (Order). Although the dismissal of this case appears to constitute a "strike" under § 1915(g), the action and dismissal both post-date the commencement of the case now before the court. Therefore, the strike does not count against plaintiff in regard to his IFP status in the instant case.

## V. Conclusion

For all the reasons stated above, defendants have failed to meet their burden of providing documentary evidence establishing that plaintiff filed at least three "prior actions" that were dismissed for reasons constituting strikes under the PLRA. The undersigned therefore concludes that defendants' motion to revoke plaintiff's IFP status should be denied.

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status, ECF No. 39, be denied; and

2. Plaintiff be permitted to proceed in this action in forma pauperis.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 21, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE