UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN C. GREEN,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>    Defendants. | No. 2:14-cv-2854 TLN AC P<br><br>ORDER |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action alleging deliberate indifference to his serious medical needs by defendants Church, Williamson, Li, Minn and Akintola. Defendants have filed a "Request for Order on Motion to Compel Plaintiff's Deposition." ECF No. 57. The request seeks a ruling on defendants' motion to compel filed May 14, 2018. ECF No. 48. The undersigned denied that motion without prejudice on May 17, 2018, ECF No. 50, pending the district judge's decision on defendants' motion to revoke plaintiff's in forma pauperis status. That matter has now been decided.

    The instant request is construed as a renewed motion to compel plaintiff's deposition and for monetary sanctions. For the reasons set forth below, the motion to compel is granted but the motion for sanctions is denied without prejudice, subject to plaintiff's full cooperation with his rescheduled deposition.

////

1

Review of defendants' original motion and exhibits thereto demonstrate that plaintiff expressly refused to participate in his April 19, 2018 deposition without legal representation. See ECF No. 48-1 at 12-8 (transcript of attempted deposition). Although plaintiff appeared at the time and place scheduled for his deposition, he refused to be sworn in by the court reporter or answer any substantive questions solely because he was not represented by counsel. Id. at 17.

Plaintiff was appointed counsel in this action for the limited purpose of drafting the operative Third Amended Complaint. See ECF Nos. 25-7. Appointment of counsel was terminated August 22, 2017, at the request of counsel, ECF No. 27, and plaintiff did not request further appointment. As the court then explained, district courts do not have authority to *require* attorneys to represent indigent prisoners in Section 1983 cases. Mallard v. United States District Court, 490 U.S. 296, 298 (1989). A district court may only request the *voluntary* assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Only a limited number of attorneys is available to voluntarily represent indigent prisoners. Therefore, appointment of counsel is appropriate only under "exceptional circumstances" that include a plaintiff's likelihood of success on the merits of his claims together with an inability to articulate his claims pro se. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances. Id. When plaintiff's previously appointed counsel was terminated, the court found that plaintiff had not met his burden of demonstrating exceptional circumstances warranting the appointment of new counsel. See ECF No. 27. The same conclusion continues to apply and the court will not, under the present circumstances, consider a new motion for appointment.

Defendants' motion is made pursuant to Rule 37, Federal Rules of Civil Procedure. Under Rule 37(a)(3)(C), a party may move to compel another party to answer questions at his deposition; if the motion is granted, the movant may be entitled to reimbursement of his reasonable expenses, see Rule 37(a)(5)(A). Similarly, under Rule 37(d), a party who fails to attend his deposition may be required to pay the movant's reasonable expenses. A broader range

of sanctions, including dismissal of an action, is authorized under Rule 37(b) if a party fails to comply with a court order. See Fed. R. Civ. P. 37(b)(1) (failure to abide by court order directing cooperation with deposition may be treated as contempt of court); Fed. R. Civ. P. 37(b)(2)(A) (range of sanctions include dismissal of action in whole or part).

Having commenced this action, plaintiff is required to fully participate in all stages of the proceedings. Defendants aver that the only outstanding discovery is plaintiff's deposition. The extended discovery deadline is February 1, 2019. See ECF No. 56. It would be fundamentally unfair and prejudicial to defendants to permit plaintiff to continue to pursue this action without requiring his attendance and cooperation at his deposition.

For these reasons, defendants' motion to compel plaintiff's deposition will be granted, subject to proper notice at least fourteen days in advance.[1] Plaintiff is directed to appear at his rescheduled deposition and to fully cooperate in answering all questions to the best of his ability. Should plaintiff fail to so cooperate, the undersigned will, upon proper motion, recommend to the district judge this action be dismissed due to plaintiff's failure to prosecute and failure to abide to the rules and orders of this court. See Fed. R. Civ. P. 11, 41(b); see also Local Rule 110.

Defendants' motion for monetary sanctions ($587.50), reflecting reimbursement of defendants' expenses in convening plaintiff's first attempted deposition, will be denied without prejudice. Although defendants invested substantial time and expense in scheduling plaintiff's initial deposition, obtaining a court reporter, and pursuing a motion to compel in this court, awarding monetary sanctions at this time would not further the interests of justice due to plaintiff's in forma pauperis status. However, if plaintiff fails to participate in his newly scheduled deposition, the court may reconsider this matter.

////

////

---

[1] This court's discovery and scheduling orders provide: "Pursuant to Federal Rule of Civil Procedure 30(a), defendants may depose, either in person or by videoconference, plaintiff and any other witness confined in a prison upon condition that, at least fourteen days before such a deposition, defendants serve all parties with the notice required by Fed. R. Civ. P. 30(b)(1)." See ECF No. 38 at 5; ECF No. 56 at 5.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request, ECF No. 57, is construed as a renewed motion to compel plaintiff's deposition and for sanctions; the Clerk of Court shall so designate on the docket.

2. Defendants' motion to compel plaintiff's deposition is GRANTED; defendants shall inform plaintiff of his rescheduled deposition at least fourteen (14) days in advance.

3. Defendants' motion for monetary sanctions is DENIED without prejudice.

4. Failure of plaintiff to appear at his deposition and fully cooperate in answering defendants' questions will, upon proper motion, result in a recommendation this action be dismissed due to plaintiff's failure to prosecute and failure to abide by the rules and orders of this court. See Fed. R. Civ. P. 11, 41(b); Local Rule 110.

SO ORDERED.

DATED: October 12, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE